[No. E012438. Fourth Dist., Div. Two. Nov. 3, 1994.]

CONOR O'DONOGHUE, Plaintiff and Appellant, v.
BEAR MOUNTAIN SKI RESORT, Defendant and Respondent.

 
 
 

## COUNSEL

Robins, Kaplan, Miller & Ciresi, Joseph L. Dunn and Alan M. Jones for Plaintiff and Appellant.

Hancock, Rothert & Bunshoft, Paul S. Rosenlund and Peter J. Koenig for Defendant and Respondent.

## OPINION

**DABNEY Acting P. J.**—Plaintiff Conor O'Donoghue appeals after the trial court granted summary judgment against him on his cause of action for personal injuries he suffered while skiing at Bear Mountain Ski Resort. The court granted summary judgment for defendant Bear Mountain on the basis of "primary assumption of the risk." (See *Knight* v. *Jewett* (1992) 3 Cal.4th 296 [11 Cal.Rptr.2d 2, 834 P.2d 696].) We determine the injuries plaintiff suffered resulted from an inherent risk of the sport of skiing, and we affirm.

### FACTS

Plaintiff was an intermediate- to advanced-level skier. He had skied at Bear Mountain before and was familiar with the runs there. He had skied the Grizzly Trail run before. On February 24, 1991, plaintiff was skiing on Grizzly Trail, an advanced ski run, when he saw a gap between two groups of trees on his right, bordering the run. He believed the gap looked like a place to cross over to another ski run. Plaintiff skied toward the opening between the trees. Unfortunately, as he reached the treeline he realized too late that the run bordered a ravine filled with boulders. Unable to stop, plaintiff skied over the edge and fell on the rocks below, suffering severe personal injuries. Immediately after the accident, plaintiff told the ski patrol that he was "skiing fast" and that he may have been "out of control."

Plaintiff filed an unverified complaint alleging a single cause of action for personal injury/premises liability. Plaintiff alleged that defendant Bear Mountain negligently maintained and operated the ski resort so that "by reason of [defendant's] negligence, [plaintiff] fell into an unmarked crevice onto rocks and boulders."

Defendant answered the complaint and moved for summary judgment on grounds that the natural forested condition of the land next to the ski run was open and obvious, that the condition of the natural forest and ravine bordering the run where plaintiff was skiing was an inherent risk of the sport of

skiing (i.e., primary assumption of the risk), and that plaintiff entered into an enforceable contract, because of language printed on the back of his ski lift ticket, to assume all liability and risk of injury from skiing.

The trial court granted the motion for summary judgment, finding the danger was open and obvious and an inherent risk of the sport of skiing. The court entered a judgment thereon in favor of defendant Bear Mountain.

## DISCUSSION

Plaintiff appeals, contending defendant failed to negate, in its moving papers, the existence of a duty of care to plaintiff.

We consider the case governed by the doctrine of primary assumption of the risk as set forth in *Knight* v. *Jewett, supra*, 3 Cal.4th 296. The term "primary assumption of the risk" "embodies a legal conclusion that there is 'no duty' on the part of the defendant to protect the plaintiff from a particular risk." (*Id.* at p. 308.) It is to be contrasted with "secondary assumption of the risk," in which the defendant owes a duty of care, but the plaintiff knowingly encounters a risk created by the breach of the duty. In "primary assumption of the risk" cases, if there is no duty of care owed, the plaintiff's assumption of the risk acts as a complete bar to the plaintiff's cause of action. "Secondary assumption of the risk" cases are subsumed into the comparative fault tort system, and a plaintiff's assumption of that risk does not act as a bar to the action. (*Ibid.*)

*Knight* recognized that, although a property owner generally is required to use due care to eliminate dangerous conditions on the property (*Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]), there is an exception "[i]n the sports setting . . . [. C]onditions or conduct that otherwise might be viewed as dangerous often are an integral part of the sport itself. Thus, although moguls on a ski run pose a risk of harm to skiers that might not exist were these configurations removed, the challenge and risks posed by the moguls are part of the sport of skiing, and a ski resort has no duty to eliminate them. [Citation.]" (*Knight* v. *Jewett, supra*, 3 Cal.4th 296, 315.) That is, there is no duty of care to protect a sports participant against risks of injury that are *inherent in the sport itself.*

Of course, "defendants generally do have a duty to use due care not to increase the risks to a participant over and above those inherent in the sport. Thus, although a ski resort has no duty to remove moguls from a ski run, it clearly does have a duty to use due care to maintain its towropes in a

safe, working condition so as not to expose skiers to an increased risk of harm." (*Knight* v. *Jewett, supra,* 3 Cal.4th at p. 316.)

Skiing is an outdoor sport over mountainous terrain. Skiers can expect to encounter moguls on a ski run (*Knight* v. *Jewett, supra,* 3 Cal.4th 296, 315-316), trees bordering a ski run (*Danieley* v. *Goldmine Ski Associates, Inc.* (1990) 218 Cal.App.3d 111 [266 Cal.Rptr. 749]), snow-covered stumps (*Wright* v. *Mt. Mansfield Lift* (D.Vt. 1951) 96 F.Supp. 786), and numerous other conditions or obstacles such as variations in terrain, changes in surface or subsurface snow conditions, bare spots, other skiers, snow-making equipment, and myriad other hazards which must be considered inherent in the sport of skiing. (See also Annot. (1987) 55 A.L.R.4th 632.)

Here, plaintiff was purposely skiing on an advanced run. He had skied it before. He could expect to encounter more hazards on the advanced run than on training or beginner slopes. The chairlift for the run went directly over the natural forest/rock-filled ravine area that bordered part of the run. Plaintiff had ridden up the chairlift and presumably seen the kind of mountain he was skiing. Plaintiff deliberately went off the trail into the natural forested area. It is an inherent risk of skiing that a skier might encounter hazardous natural forest obstacles, such as rough terrain, trees, rocks and ravines if he or she enters the natural forest, departing from the ski run. Defendant cannot be expected to change the entire mountain to insure plaintiff's safety. Defendant had no duty to protect plaintiff from the inherent risks of the sport, which plaintiff is deemed to have knowingly encountered.

Plaintiff's attempt to avoid this result is unmeritorious. First, plaintiff's brief improperly relies heavily on a case depublished *five months* before the brief was filed. Plaintiff's continued insistence that he did not personally see the hazard is irrelevant to the issue whether the risk was one inherent in the sport of skiing, a point plaintiff appears stubbornly to refuse to see. Plaintiff's assertion that defendant had a contractual duty to protect him from the danger is absurd. The claim is based on the facts that defendant is the holder of a use permit granted by the United States Forest Service, and that, to meet its obligations to the Forest Service, defendant issued a manual to its ski patrol personnel. Plaintiff points to paragraphs providing: "In the course of on-the-hill operations, it often becomes necessary to mark objects or areas. . . . The ultimate goal in hill safety is to make the unobvious hazard appear obvious, without cluttering the slopes with unnecessary markings." The manual also provides, however, "In many cases, *the tree lines define the edge of the trail.* In many cases, however, we have added 4'x4's

with banner guard or rope to delineate a trail. *Because of the nature of our ski trail layout, and the canyon/forested areas between trails, we cannot effectively mark every trail boundary.*" (Italics added.) To the extent plaintiff relies on the manual to provide a duty, it expressly indicates that not every trail boundary can or will be marked, particularly where the forest and canyon areas lie between trails. Plaintiff's argument is not well taken.

## DISPOSITION

The appeal is without merit, bordering on the frivolous. The summary judgment in favor of defendant, based on the doctrine of primary assumption of the risk, is affirmed. Respondent shall recover costs on appeal.

Hollenhorst J., and McKinster J., concurred.